IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| WCI COMMUNITIES, INC., et al.,[1] | ) Case No. 08-11643 (KJC) |
| Debtors. | ) Jointly Administered |
| | ) Re: Docket No. 3955, 3968 |

## ORDER (I) GRANTING FINAL DECREE AND CLOSING THE REMAINING OPEN CASES AND (II) TERMINATING CLAIM AND NOTICING AGENT SERVICES

Upon the motion (the "Motion") of the Disbursing Agent[2] for entry of an order pursuant to section 350 of the Bankruptcy Code, Rule 3022 of the Federal Rules of Bankruptcy Procedure, Rules 2002-1(f)(ix) and 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware seeking, inter alia, (i) the entry of a final decree closing the Remaining Open Cases, effective as of the date of the entry of this Order; (ii) entry of an order closing the Chapter 11 Cases and terminating the Official Claims Agent Services of Epiq, all as more fully set forth in the Motion; and (iii) finding that New WCI has complied with Sections 10.6 and 11.6(a) of the Plan as well as the Document Retention Order and may dispose of any corporate documents at its discretion; and it appearing that the Court has jurisdiction over this matter; and the Creditor Trustee having agreed to the relief set forth herein and as set forth in the Motion; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors and the

---

[1] The list of the Debtors and Tax Identification Numbers is located on the docket for Case No. 08-11643 (KJC) [Docket No. 64] and http://chapter11.epiqsystems.com/wcicommunities.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Motion.

other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that the following Remaining Open Cases:

|   | **Debtor** | **Case No.** |
|---|---|---|
| 1. | 2009 Real Estate Corporation f/k/a WCI Communities, Inc. | 08-11643 |
| 2. | WCI Communities, Inc., f/k/a WCI 2009 Corporation | 09-12269 |

are hereby CLOSED, effective as of the date hereof, and a final decree is granted effective as of the date hereof, without prejudice to the rights of any party in interest to seek to reopen such case for good cause shown, provided, however, that should the Creditor Trustee seek to reopen one of the Remaining Open Cases at any time or for any reason, it may do so upon motion to this Court upon notice only to all parties that have filed a notice of appearance in this case and New WCI shall be deemed to consent to such motion to reopen; and it is further

ORDERED that the Official Claims Agent Services of Epiq are terminated in accordance with the Motion upon completion of the following services:

- within thirty (30) days of entry of the Final Decree, Epiq will (a) forward to the Clerk an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF; and (c) docket a Final Claims Register. Epiq shall further box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims;

- Epiq (a) will retain the original ballots and all other original paper correspondence received in these chapter 11 cases for a period of two (2) years following entry of

the Final Decree, after which, Epiq may destroy the ballots and original paper correspondence; (b) will retain all pertinent emails, facsimiles, and other electronic transmissions received by Epiq in these chapter 11 cases for a period of one (1) year following entry of the Final Decree, after which, Epiq, in its discretion, may delete such emails and other electronic transmissions and destroy such facsimiles; and (c) may destroy (i) all excess copies of notices, pleadings, plan solicitation documents, customized envelopes or any other printer materials, and (ii) all undeliverable and/or returned mail not previously destroyed.

Thereafter, Epiq shall have no further obligations to the Court, the Debtors, the Disbursing Agent or any party in interest with respect to the Official Claims Agent Services on behalf of the Clerk of the Court in these Chapter 11 Cases; and it is further

ORDERED that within 10 business days of the entry of this Order, the Debtors shall pay to the U.S. Trustee all outstanding statutory fees owed by the Debtors to the U.S. Trustee in accordance with either applicable law or any agreement between the Debtors and the U.S. Trustee; provided that, in the event statutory fees are not paid as set forth herein, the U.S. Trustee shall have the right to reopen the chapter 11 case of the moving Debtors to seek compliance with the provision of this order; and it is further

ORDERED that this Court shall, and hereby does, retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____Sept 8_____, 2015
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE